UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON STEWART                                           CIVIL ACTION

versus                                                  NO. 13-443

STEVE RADER, WARDEN                                     SECTION: "H" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Aaron Stewart, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On August 31, 2010, he pleaded guilty to armed robbery under Louisiana law and was sentenced to a term of fifteen years imprisonment.[1]

On or about June 6, 2011, petitioner filed a motion to correct an illegal sentence with the state district court.[2] When the court failed to rule on that motion, he filed an application for a

---

[1] Rec. Doc. 14-1, transcript of August 31, 2010.

[2] State Rec., Vol. I of I.

writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[3] The Court of Appeal denied relief, holding: "La. R.S. 14:63.3 is a sentencing enhancement statute. In the instant case, the additional five year sentence was added to the minimum ten year sentence for armed robbery. Therefore, relator's fifteen year sentence is not illegal. The request for a writ of mandamus is denied."[4] On May 18, 2012, the Louisiana Supreme Court denied relief, holding: "Denied. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."[5]

On or after May 24, 2012, petitioner filed an application for post-conviction relief with the state district court.[6] That application was denied on July 13, 2012.[7] His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on August 7, 2012,[8] and by the Louisiana Supreme Court on January 18, 2013.[9]

On February 11, 2013, petitioner filed the instant federal *habeas corpus* application in which he again asserts the same claims previously asserted in his state post-conviction

---

[3] State Rec., Vol. I of I.

[4] State v. Stewart, No. 2011-K-1087 (La. App. 4th Cir. Sept. 9, 2011); State Rec., Vol. I of I.

[5] State *ex rel.* Stewart v. State, 89 So.3d 1183 (La. 2012) (No. 2011-KH-2035); State Rec., Vol. I of I.

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I, Order dated July 13, 2012.

[8] State v. Stewart, No. 2012-K-1112 (La. App. 4th Cir. Aug. 7, 2012); State Rec., Vol. I of I.

[9] State *ex rel.* Stewart v. State, 107 So.3d 628 (La. 2013) (No. 2012-KH-1988); State Rec., Vol. I of I.

application.[10] The state concedes that the application is timely and that petitioner exhausted his remedies in the state courts.[11]

## I. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

---

[10] Rec. Doc. 1.

[11] Rec. Doc. 12.

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not

- 4 -

>apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694; see also Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."), cert. denied, 132 S.Ct. 1537 (2012).

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court has held:

>[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>      If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011) (citations omitted; emphasis added); see also Renico v. Lett, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants – and federal courts –

from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

## II.  Petitioner's Claims

Petitioner's claims in this proceeding are based on an underlying contention that he did *not* plead guilty to a charge of armed robbery pursuant to La. Rev. Stat. Ann. § 14:64;[12] rather, he contends that he pleaded guilty to *only* the related penalty enhancement provisions of La. Rev. Stat. Ann. § 14:64.3.[13]  He argues that he is therefore entitled to relief because (1) the trial court

---

[12]  That statute provides:

> A.  Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
>
> B.  Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

La. Rev. Stat. Ann. § 14:64.

[13]  That statute provides:

> A.  When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence.  The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
>
> B.  When the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence.  The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:27 and 64.

La. Rev. Stat. Ann. § 14:64.3.

erred in accepting a plea to a statutory provision that is not itself a crime and (2) his counsel was ineffective for advising and allowing him to plead guilty under those circumstances. He argues that those errors entitle him to relief when considered both separately and cumulatively.

Petitioner's claims fail because they are based on a factually inaccurate premise. The bill of information clearly charged petitioner with the crime of armed robbery, providing:

> VIRGINIA D. MILLER, Assistant District Attorney for the Parish of Orleans, who in the name and by the authority of the said state, prosecute in this behalf, in proper person comes into Criminal District Court for the Parish of Orleans and gives the said Court here to understand and be informed that one AARON L. STEWART late of the Parish of Orleans on the 22nd day of MARCH in the year of our Lord, two thousand AND TEN in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court of the Parish of Orleans, WHILE ARMED WITH A DANGEROUS WEAPON, TO WIT: A FIREARM, ROBBED JOCELYN CHARBONNET OF A TOYOTA HIGHLANDER, contrary to the form of the Statute of the State of Louisiana in such case made and provided against the peace and dignity of the same.[14]

That charging language tracks the authorized language for an armed robbery charge. La. Code. Crim. P. art. 465(A)(42) ("Armed Robbery – A.B., while armed with a dangerous weapon, robbed C.D.").

Moreover, the transcript of petitioner's guilty plea clearly shows that he was advised that he had been charged with armed robbery and that he pleaded guilty to that charge. For example, the trial judge explained:

> Q.   Mr. Stewart, you are now under oath. ... In case number 496-417, you have been charged by Bill of Information with having on 22nd of March, 2010, while armed with a

---

[14] State Rec., Vol. I of I, Bill of Information.

> > dangerous weapon, to wit, a firearm, robbed Jocelyn Charbonnet, of a Toyota Highland [sic]. To this felony bill, your attorney, Mr. Weiser who is present with you now, has advised the court that it is your intention to enter a plea of guilty as charged. Is that your intention?
>
> A. Yes, sir.[15]

The fact that petitioner was pleading guilty to armed robbery is further made evident from the advisement concerning the sentencing range he faced:

> > Q. In case number 496-417, *the armed robbery case*, the sentencing range is no less than ten and no more than 99 years at hard labor. If the district attorney alleges that this was committed with the use of a firearm, the sentencing range is no less than fifteen and no more than 99 years at hard labor. Do you understand that?
>
> A. Yes, sir.[16]

Based on the foregoing, this Court finds that there is no merit to petitioner's underlying factual allegation that he was not charged with and did not knowingly and voluntarily plead guilty to a charge of armed robbery pursuant to La. Rev. Stat. Ann. § 14:64. In light of that finding, no further discussion is required of petitioner's remaining claims, in that they are likewise based on the same erroneous factual premise.

For the foregoing reasons, it is evident that petitioner has not shown that the state court decision denying his post-conviction claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[15] Rec. Doc. 14-1, p. 2.

[16] Rec. Doc. 14-1, p. 5 (emphasis added).

States." 28 U.S.C. § 2254(d)(1). Accordingly, under the deferential standards of review mandated by the AEDPA, this Court should deny relief.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Aaron Stewart be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this twenty-fifth day of July, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.